IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **DAKOTA ROBINSON,** | § § | |
| Plaintiff, | § § | Civil Action No. 4:21-cv-00780 |
| v. | § § | (Removed from the 269th Judicial District, District Court of Harris County, Texas, Cause No. 2021-06458) |
| **YRC FREIGHT, INC. a/k/a YRC FREIGHT,** | § § § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant YRC Inc. d/b/a YRC Freight[1], on behalf of itself, its affiliates, its predecessors, parents, agents successors, officers, directors, representatives, employees, and all persons acting or purporting to act on their behalf, including all persons Plaintiff contends have acted on their behalf ("YRC"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the above-captioned cause to the United States District Court for the Southern District of Texas, Houston Division, and respectfully submits the following statement as the grounds for removal:

**I.**

On or about February 9, 2021, Plaintiff Dakota Robinson served YRC with his Original Petition, styled *Dakota Robinson v. YRC Freight Inc a/k/a YRC Freight,* Cause No. 2021-06458, in the 269th Judicial District Court of Harris County, Texas. *See* Orig. Pet., Exhibit 1-C; Declaration of Heather Sherrod at ¶3, Exhibit 2.

Pursuant to Southern District of Texas Local Rule 81, an index and true and correct copies of all executed process, pleadings, orders signed by the Court (none), the docket sheet, an

---

[1] YRC Inc. files this answer on behalf of the incorrectly named defendant, YRC Freight, Inc.

101900562.1                                - 1 -

index of matters being filed, and a list of all counsel of record are attached and incorporated by reference as Exhibit 1. A Civil Cover Sheet will be filed concurrently with this Notice of Removal.

In his Petition, Plaintiff alleges that YRC retaliated and discriminated against him on the basis of his disability in violation of the Texas Labor Code, Tex. Lab. Code § 21.051. *See* Ex. A at ¶1.1. YRC filed its Original Answer and Affirmative and Other Defenses to Plaintiff's Original Petition on March 5, 2021. A true and correct copy of YRC's Original Answer is attached as Exhibit 1-E.

No orders have been signed by the state court judge. *See* Sherrod Dec. at ¶4. A true and correct copy of the Court's Docket Sheet for the state court case is attached as Exhibit 1-B.

**II.**

This Court has original jurisdiction over Plaintiff's action under 28 U.S.C. § 1332(a), which provides that the federal district court has jurisdiction over civil actions when the parties are citizens of different states and the amount of controversy exceeds $75,000. *See Perio v. Titan Mar., LLC,* No. 13-1754, 2013 WL 5563711, *2 (S.D. Tex. Oct. 8, 2003) (citing 28 U.S.C. § 1332). As fully shown below, both requirements are fulfilled.

**III.**

Plaintiff resides in Texas and is therefore a citizen of Texas. *See* Ex. 1-C at ¶2.1; *see also Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (stating that state citizenship for diversity purposes is regarded as "synonymous" with domicile or where the plaintiff resides). YRC is incorporated in Delaware with its headquarters in Overland Park, Kansas. Declaration of Louie Stephenson at ¶3, attached as Exhibit 3. Accordingly, for purposes of diversity jurisdiction, YRC is a citizen of Delaware and Kansas. *See* 28 U.S.C. § 1332(c)(1) (stating that a corporation

shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (finding that a corporation is a citizen of its state of incorporation and state where it has its "principal place of business" which is "the place where the corporation maintains its headquarters"). Therefore, because the parties do not share citizenship, the first requirement for removal based on diversity grounds under 28 U.S.C. § 1332(a) is satisfied.

In addition, the amount in controversy, exclusive of interest and costs, exceeds $75,000. Generally, the amount of controversy is determined "from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith.'" *Horton v. Liberty Mut. Ins., Co.,* 367 U.S. 348, 353 (1961). In his Petition, exclusive of costs and interest, Plaintiff requests the following relief: (1) loss of income; (2) attorney's fees; (3) damages for pain and suffering; and (5) punitive or exemplary damages. Ex.1-C at ¶¶8.1-10.1.

Plaintiff's hourly rate at the time of his voluntary resignation on April 30, 2019 was $11.90. Stephenson Dec. at ¶4. Plaintiff's total wages for 2018, from his hire date in April 2018 until December 31, 2018, were $13,577.71. *Id.* As Plaintiff seeks back pay as well as front pay damages, which would be a minimum of approximately four years of lost wages, or approximately $81,462.[2] *See id.*

Based on these considerations, it is apparent that Plaintiff's request for lost wages, request for compensatory damages, attorney's fees, and punitive damages would significantly exceed the jurisdictional amount in controversy requirement of $75,000. *See White v. FCI USA*, 319 F.3d 672, 675 (5th Cir. 2003) (holding that a case met the amount of controversy requirement where the plaintiff requested unspecified damages for wrongful termination in the form of punitive damages, attorney's fees, pre-judgment interest, court costs, compensatory

---

[2] $13,577.71 is an average monthly rate of $1,697.13, which amounts to $81,462 over four years.

damages for lost pay, lost fringe benefits, front pay, loss of wage earning capacity, harm to the plaintiff's credit and credit reputation, and mental anguish and emotional distress in the past and future); *Bates v. Laminack*, 938 F. Supp. 2d 649, 655 (S.D. Tex. 2013) ("There is no question that punitive or exemplary damages are included in calculating the amount in controversy. Likewise, statutory attorney's fees . . . are included in the calculation of the amount." (citations omitted)); *Garcia v. Kellogg USA, Inc.*, No. 13-00347, 2013 WL 4735169, at *1-2 (S.D. Tex. Sept. 3, 2013) (denying motion to remand because plaintiff's state law discrimination claims satisfied the amount in controversy because plaintiff sought back pay, mental anguish, and attorney's fees).

Because the parties are completely diverse and the requisite amount in controversy is satisfied, this Court has diversity jurisdiction over this action. 28 U.S.C. § 1332(a).

**IV.**

YRC was served with Plaintiff's Petition on or about February 9, 2021. *See* Sherrod Dec. at ¶3. Therefore, this Notice is timely filed pursuant to 28 U.S.C. § 1446. Moreover, the United States District Court for the Southern District of Texas, Houston Division embraces the county in which the state court action is now pending. Thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 124(a)(2) and 1446(a). A true and correct copy of YRC's Notification of Removal will be filed with the Clerk for the Harris County District Court, 269th Judicial District. A copy of this Notification of Removal is attached as Exhibit 4.

**V.**

WHEREFORE, PREMISES CONSIDERED, Defendant YRC Inc. d/b/a YRC Freight prays that the action now pending in the in the 269th Judicial District Court of Harris County, *Dakota Robinson v. YRC Freight Inc a/k/a YRC Freight,* Cause No. 2021-06458, as described

herein, be removed to the United States District Court for the Southern District of Texas, Houston Division.

Dated:  March 9, 2021

Respectfully submitted,

/s/ Shauna Johnson Clark            .
Shauna Johnson Clark
State Bar No.  00790977
Fed. Id. No. 18235
**NORTON ROSE FULBRIGHT US LLP**
shauna.clark@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

OF COUNSEL:
**NORTON ROSE FULBRIGHT US LLP**
Heather Sherrod
State Bar No. 24083836
Fed. Id. No. 18235
heather.sherrod@nortonrosefulbright.com

1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

*Attorney-In-Charge for*
*Defendant YRC Inc. d/b/a YRC Freight*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, this pleading was served on counsel for Plaintiff on March 9, 2021 via ECF and email:

>Ellen Sprovach
>ROSENBERG & SPROVACH
>3518 Travis
>Houston, Texas 77002
>(713) 960-8300
>(713) 621-6670 (Facsimile)
>ellen@rosenberglaw.com

/s/ Heather Sherrod
Heather Sherrod

101900562.1

- 5 -